# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

    v.                                                    Case No. 05-CR-200

**CHRISTOPHER MOSES**
        Defendant.

## DECISION AND ORDER

Defendant Christopher Moses was charged in a seven count indictment with possessing firearms as a convicted felon (count one), possessing body armor subsequent to his conviction of a crime of violence (count two), and possession of unregistered destructive devices (counts three through seven). He moved to dismiss the indictment on three grounds. First, he argued that count one must be dismissed because the charging statute violates his right to equal protection by allowing some felons to have guns but not others. Second, he argued that count two must be dismissed because his prior conviction of fleeing an officer does not constitute a crime of violence. Third, he argued that counts three through seven, which charge a separate offense for each "device" he allegedly possessed, are multiplicitous contrary to the Double Jeopardy Clause of the Fifth Amendment.

The motion was assigned to a magistrate judge, who recommended that it be denied. Defendant objects, requiring me to conduct a de novo review. Fed. R. Crim. P. 59(b). For the reasons that follow, I adopt the recommendation in part and deny the

motion on the first and third bases. I will schedule a telephonic status conference to discuss issues related to the remaining motions.[1]

## I. COUNT ONE

Defendant is charged in count one with violating 18 U.S.C. § 922(g), which forbids a person convicted of a crime punishable by imprisonment for a term exceeding one year from possessing a firearm. Section 921(a)(20) exempts from the term "crime punishable by imprisonment for a term exceeding one year . . . offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices." Defendant contends that this exemption of business crimes violates his right to equal protection guaranteed by the Due Process Clause of the Fifth Amendment.

The Seventh Circuit rejected this argument in United States v. Jester, 139 F.3d 1168, 1171-72 (7th Cir. 1998), holding that it was reasonable for Congress to exempt a certain class of offenders believed to pose a lesser risk. Defendant argues that in light of the originalist methodology employed in cases such as Crawford v. Washington, 541 U.S. 36 (2004) and Blakely v. Washington, 542 U.S. 296 (2004), and the addition of two new Justices, the Supreme Court would more likely adopt the Second Amendment analysis of cases like United States v. Emerson, 270 F.3d 203, 260 (5th Cir. 2001) (finding that the Amendment protects individual rather than collective rights) rather than that of cases like Jester, 139 F.3d at 1171 (finding that the right to possess arms is not fundamental and

---

[1]Defendant also filed motions to suppress evidence seized from his home and to compel the government to grant immunity to a witness he wanted to testify at the suppression hearing. In this decision, I address only the motion to dismiss count one and counts three-seven.

2

thus analyzing equal protection challenge to § 922(g) under rational basis standard); see also Gillespie v. City of Indianapolis, 185 F.3d 693, 710 (7th Cir. 1999) ("The link that the amendment draws between the ability 'to keep and bear Arms' and '[a] well regulated Militia' suggests that the right protected is limited, one that inures not to the individual but to the people collectively, its reach extending so far as is necessary to protect their common interest in protection by a militia."). Defendant contends that if subjected to strict scrutiny (as opposed to rational basis review) the exemption to § 922(g) found in § 921(a)(20) would be found to violate equal protection.

Whatever the Supreme Court eventually decides if confronted with the issue, I must in the meantime follow controlling circuit precedent. I cannot, as defendant suggests, take the lead on the issue and force the government to appeal. See Reiser v. Residential Funding Corp., 380 F.3d 1027, 1029 (7th Cir. 2004), cert. denied, 125 S. Ct. 1301 (2005) (stating that district court must follow decisions of court of appeals until a higher court acts); Hart v. Wal-Mart Stores, Inc., 360 F.3d 674, 680 (7th Cir. 2004) (stating that district courts cannot follow other circuit precedent in conflict with Seventh Circuit law). Therefore, I adopt the magistrate judge's recommendation on this issue and deny the motion.

## II.  COUNTS THREE-SEVEN

Counts three through seven charge defendant with possessing five unregistered destructive devices, i.e. gold top 40 mm cartridges, contrary to 26 U.S.C. § 5861(d). Defendant argues that rather than charging a separate count for each cartridge he simultaneously possessed the government should be required to charge just one count pertaining to such possession. He claims that charging five counts violates his rights under the Double Jeopardy Clause.

3

The Double Jeopardy Clause protects defendants against (1) successive prosecutions for the same offense after acquittal, (2) successive prosecutions for the same offense after conviction, and (3) multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989). Defendant argues that counts three through seven are multiplicitous, in violation of the third double jeopardy protection.

An indictment is multiplicitous when it charges in separate counts what amounts to a single offense. United States v. Muhammad, 120 F.3d 688, 702 (7th Cir. 1997). Multiplicity can arise in two different contexts. One is the "double description" context, where the question is whether two statutes describe two separate offenses or are merely different descriptions of the same offense. The second is the "unit of prosecution" context, where the question is whether a course of conduct that violates one statute may be divided into separate charges. Westbury v. Krenke, 112 F. Supp. 2d 803, 809 (E.D. Wis. 2000). The question in the present case is whether the allowable unit of prosecution under § 5861(d) is based on each device possessed, or whether the government must charge all such devices possessed at the same time and place in a single count. The test is essentially one of legislative intent: if Congress intended to impose multiple punishments for each item unlawfully possessed, the Constitution is not violated. See Missouri v. Hunter, 459 U.S. 359, 368 (1983).

Although the Seventh Circuit has yet to decide this issue, the federal courts which have hold that Congress intended each firearm or device to constitute a separate unit of prosecution under § 5861. Jackson v. United States, 926 F.2d 763, 764 (8th Cir. 1991) ("Each unregistered firearm supports a separate unit of prosecution under the statute[.]");

4

United States v. Campbell, No. 90-1130, 1990 U.S. App. LEXIS 12879, at *4-5 (1st Cir. July 19, 1990) (holding that "the proper unit of prosecution under Section 5861(d) is the individual firearm"); United States v. Nichols, 731 F.2d 545, 546 (8th Cir. 1984) ("Under section 5861(d) each firearm is a unit of prosecution even if the defendant possessed several firearms at the same time."); United States v. Alverson, 666 F.2d 341, 347 (9th Cir. 1982) ("We conclude that section 5861(d) expresses an unambiguous congressional intent to make each firearm a unit of prosecution."); United States v. Tarrant, 460 F.2d 701, 704 (5th Cir. 1972) ("Since Congress was interested in collecting the tax on each weapon, clearly separate offenses for each firearm were intended to provide incentive for sellers and buyers to declare their weapons and pay the tax."); Sanders v. United States, 441 F.2d 412, 414 (10th Cir. 1971) ("It would appear to us that the legislative intent in this instance is quite clear and that 'each firearm' constitutes a separate unit for the purposes of criminal prosecution."); United States v. Melville, 309 F. Supp. 774, 781 (S.D.N.Y. 1970) ("Each firearm constitutes a separate unit.").

These courts rely on both the plain language of § 5861(d) and its legislative purposes. First, they note that § 5861(d) makes it unlawful for a person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." By using the words "a firearm" the statute makes clear that each unregistered firearm supports a separate unit of prosecution under the statute. Jackson, 926 F.2d at 764; see also Alverson, 666 F.2d at 347 ("Use of the article 'a' stands in marked contrast to language in other weapons statutes that have been interpreted to preclude prosecution for each object of the offense.").

5

Second, courts have noted that § 5861(d) is a part of a regulatory scheme pertaining to transfer taxes on firearms. Alverson, 666 F.2d at 347. "Section 5811 levies a separate tax on 'each firearm transferred.'" Id. (quoting 26 U.S.C. § 5811(a)). "Possession of each unregistered firearm therefore deprives the government of a separate tax. Accordingly, prosecution for each unregistered weapon encourages payment of the tax and effective implementation of the statutory scheme." Id. (citing Tarrant, 460 F.2d at 704).

The logic of these cases is persuasive, and defendant provides no reason for me to reach a different result. It is true that the Seventh Circuit has held that "when a defendant's possession of multiple firearms is simultaneous and undifferentiated, the government may only charge that defendant with one violation of § 922(g)(1) and § 922(j), regardless of the actual quantity of firearms involved." United States v. Buchmeier, 255 F.3d 415, 422 (7th Cir. 2001). However, the court based this holding on the fact it could not "clearly determine Congress' intended unit of prosecution for these subsections." Id. The courts which have addressed § 5861 have been able to determine congressional intent, and all agree that the proper unit of prosecution is based on each firearm or device

6

Case 2:05-cr-00200-LA   Filed 02/10/06   Page 6 of 7   Document 41

possessed.[2]  Therefore, I adopt the magistrate judge's recommendation on this issue and deny the motion.[3]

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation is adopted in part as stated herein, and the motion to dismiss count one and counts three through seven is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is scheduled for **TELEPHONIC STATUS** on **Monday, February 13, 2006, at 11:30 a.m.**  The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 10th day of February, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[2] Defendant contends that because § 5861(d) is not clear on its face as to the allowable unit of prosecution, the rule of lenity requires that all devices possessed at the same time and place be charged in a single count.  However, the rule of lenity applies only when a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute.  Moskal v. United States, 498 U.S. 103, 108 (1990); see also United States v. Turcotte, 405 F.3d 515 (7th Cir. 2005), cert. denied, 74 U.S.L.W. 3162 (U.S. Jan. 9, 2006) ("While the rule of lenity instructs that ambiguity in the meaning of a statutory provision should be resolved in favor of the defendant, this principle is only applicable where there is a grievous ambiguity or uncertainty in the language and structure of the Act.") (internal quote marks omitted).  For the reasons stated in the text, there is no such ambiguity or uncertainty with § 5861(d).

[3] Some courts have held that although a defendant may be convicted of a separate count for each firearm he may not be subjected to consecutive punishments for each firearm count.  See, e.g., Nichols, 731 F.2d at 547.  Because defendant has not yet been convicted of anything, I need not address this issue.

7

Case 2:05-cr-00200-LA    Filed 02/10/06    Page 7 of 7    Document 41